UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CALVIN BURKE ] | |
|     Plaintiff, ] | |
| ] | |
| v. ] | No. 3:12-0253 |
| ] | Judge Sharp |
| MONTGOMERY COUNTY JAIL, et al. ] | |
|     Defendants. ] | |

### M E M O R A N D U M

The plaintiff, proceeding *pro se*, is an inmate at the Montgomery County Jail in Clarksville, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against the Montgomery County Jail; Norman Lewis, Sheriff of Montgomery County; and two members of the staff at the Montgomery County Jail; seeking injunctive relief and damages.

On December 23, 2011, the plaintiff was arrested on a charge of felony theft. He was taken to the Montgomery County Jail where he was strip searched as a part of the booking process. Eight days later, the plaintiff posted bond and he was released from custody.

On January 10, 2012, the plaintiff was served with a misdemeanor citation for theft. He was taken into custody and was again strip searched as a part of the booking process at the Montgomery County Jail.

The plaintiff claims that the defendants did not have any

probable cause to subject him to a strip search. He believes that the policy of strip searching prisoners who are entering the Jail is unconstitutional.

To establish a claim for § 1983 relief, the plaintiff must plead and prove that the defendants, while acting under color of state law, deprived him of a right or privilege guaranteed by the Constitution or laws of the United States. Parratt v. Taylor, 101 S.Ct. 1908 (1981).

The notion of privacy is contrary to the act of incarceration. Nevertheless, a prisoner does retain the right to some modicum of privacy where the privacy does not impede the legitimate state interests of safety and security. Kent v. Johnson, 821 F.2d 1220, 1226 (6th Cir.1987). When the policy or regulation of a jail has an adverse effect upon a prisoner's right to privacy, that policy or regulation must be reasonably related to a legitimate penological interest to pass constitutional muster. Turner v. Safley, 482 U.S. 78,89 (1987).

In this instance, the Montgomery County Sheriff's Department allegedly has a policy of subjecting a prisoner to a strip search prior to entering the Jail. A policy or regulation relating to the security and order of a penal facility is generally accorded great deference. Thornburgh v. Abbott, 490 U.S. 401,407-08 (1989). Clearly, the defendants subjected the plaintiff to a strip search to control the entry of contraband into the Jail. It appears from the plaintiff's description that the strip searches were a

reasonable response toward that end.

Accordingly, while the plaintiff's embarrassment may be understandable, he has failed to state a claim upon which § 1983 relief can be granted. When the plaintiff has failed to state a claim, the Court is obliged to dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

_____
Kevin H. Sharp
United States District Judge